# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | **MARTIN LUTHER KING**<br>**COURTHOUSE**<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

September 26, 2022

## LETTER OPINION

    **Re:**   *Domenic Malinconico v. Robert Alessio, et al.*
             Civil Case No. 21-11550 (ES) (LDW)

Dear parties,

    Plaintiff Domenic Malinconico, proceeding *pro se*, brought this action against Defendants Robert Alessio, Absuma Marbey, Robert Hernandez, and Robert Jiminez, claiming that he was falsely arrested in April 2015. (D.E. No. 7 ("Amended Complaint" or "Am. Compl."")).[1] The Court construes the Amended Complaint as seeking punitive damages for false arrest and malicious prosecution under 42 U.S.C. § 1983. (*See id.* at 4–11). Defendants move to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on, *inter alia*, res judicata and the entire controversy doctrine. (D.E. No. 13 ("Motion"); D.E. No. 13-4 ("Mov. Br.") at 7–14). The Motion is unopposed. For the reasons set forth below, the Motion is **GRANTED**.

    Plaintiff alleges that he was arrested without probable cause on April 5, 2015,[2] which resulted in him spending ninety-three days in jail (the "2015 Arrest"). (Am. Compl. at 3). It appears that the 2015 Arrest stemmed from an altercation between Plaintiff and Ms. Janet Vicari, a non-party to this case, that occurred on April 5, 2015. (D.E. No. 7-1, Ex. B to Am. Compl. at 4). As stated in an apparent police report attached to the Amended Complaint, Ms. Vicari informed police that Plaintiff allegedly grabbed Ms. Vicari by her hair, forced her into his vehicle, and told her "[i]f you get out of the car, I will f***ing kill you." (*Id.*). On May 12, 2017, the Honorable John Zunic, J.S.C., Superior Court of New Jersey, Law Division, Essex County, found Plaintiff not guilty of several charges brought against him in connection with the 2015 Arrest, but found

---

[1]     Pin cites to the Amended Complaint and Docket Entry Number 13-2 refer to those automatically generated by the Court's electronic filing system.

[2]     Plaintiff first alleges he was arrested on April 5, 2015, and then later alleges he was arrested on April 6, 2015. (*Compare* Am. Compl. at 3, *with* Am. Compl. at 5).

him guilty of harassment under N.J.S.A. § 2C:33-4(c). (D.E. No. 13-2, Ex. B to Jones Cert. at 51–54).³ Judge Zunic ordered Plaintiff to pay a fine and have no contact with Ms. Vicari. (*Id.* at 55).

On August 8, 2017, Plaintiff initiated an action in the Superior Court of New Jersey, Civil Division, Essex County, against Belleville Township, Robert Alessio, Absuma Marbey, Robert Hernandez, and Andy Jimenez based on the 2015 Arrest for obstruction of justice, false arrest, and false imprisonment, seeking punitive damages for pain and suffering. (*Id.*, Ex. C to Jones Cert. ("2017 Complaint") at 56–60). On October 9, 2018, Plaintiff filed an amended complaint in that same action against the same defendants based on the 2015 Arrest, this time for malicious prosecution. (*Id.*, Ex. G to Jones Cert. ("2017 Amended Complaint") at 68–79). On August 30, 2019, the Honorable Thomas R. Vena, J.S.C., entered final judgment on the defendants' motion for summary judgment, dismissing the state action with prejudice. (*Id.*, Ex. H to Jones Cert. at 80–82).

As an initial matter, the Court notes that Defendants incorrectly assert that res judicata and the entire controversy doctrine would defeat subject matter jurisdiction. *See Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (noting res judicata and the entire controversy doctrine are both affirmative defenses that do not defeat the subject matter jurisdiction of a federal court). Although Defendants conflate res judicata and the entire controversy doctrine with a motion to dismiss under Rule 12(b)(1) (*see* Mov. Br. at 10 & 14), the Court may properly consider res judicata and the entire controversy doctrine as grounds for a motion to dismiss under Rule 12(b)(6) because both defenses are apparent from the face of the Amended Complaint. *See Rycoline Prod.*, 109 F.3d at 886.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a Rule 12(b)(6) motion to dismiss, the burden is on the moving party to show that the plaintiff has not stated a facially plausible claim. *See Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). With a *pro se* plaintiff, courts are "required to interpret the *pro se* complaint liberally." *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

The res judicata defense "may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008). Res judicata, also known as claim preclusion, bars "'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (quoting *Commissioner v. Sunnen,* 333 U.S. 591, 597 (1948)). It is founded on the

---

³ Defendants attach various underlying state court documents as exhibits to their Motion. (*See* D.E. No. 13-2, Exs. B–I to Jones Cert.). On a motion to dismiss, the court "may consider documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (alteration in original) (citation omitted) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004)); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Plaintiff does not contest the Court's consideration of these documents. Accordingly, the Court considers these documents as a matter of public record.

general public policy that once a court has decided on a contested issue, litigation may not later be renewed in another court. *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946); *see also Purter v. Heckler*, 771 F.2d 682, 690 (3d Cir. 1985). "The principle of claim preclusion bars not only claims that were brought, but also those that could have been brought, in a previous action." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

To successfully raise the defense of res judicata, the party asserting the defense must show that there has been (i) a final judgment on the merits in a prior suit involving (ii) the same parties or their privies and (iii) a subsequent suit based on the same causes of action. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984). The term "cause of action" does not necessarily rest on the specific legal theory invoked but turns on "the essential similarity of the underlying events giving rise to the various legal claims." *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982).

In analyzing the essential similarity of the underlying events to determine if two suits involve the same causes of action, courts should consider (i) "whether the acts complained of and the demand for relief are the same (that is, whether the wrong seeking to be redressed is the same in both actions)"; (ii) "whether the theory of recovery is the same"; (iii) "whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first)"; and (iv) "whether the material facts alleged are the same." *Athlone*, 746 F.2d at 984.

The first element of res judicata is satisfied because there was a final judgment on the merits dismissing the state action. In particular, Judge Vena granted summary judgment to the defendants in that proceeding. *See Gupta v. Wipro Ltd.*, 749 F. App'x 94, 96 (3d Cir. 2018) (noting that summary judgment is a final judgment on the merits for res judicata purposes).

The second element is satisfied because all Defendants in the present action—with one possible exception as explained below—were parties to the state action. The Court acknowledges that Plaintiff initially filed the 2017 Complaint against "Andy Jimenez," and then "Andy Jiminez" as amended; he then filed the instant action against "Andy Jiminez," and then "Robert Jiminez" as amended. (*Compare* D.E. No. 13-2, Exs. C & G to Jones Cert., *with* D.E. No. 1 *and* Am. Compl.). Andy Jiminez and Robert Jiminez may refer to the same individual. However, to the extent that Robert Jiminez is a different individual, upon Defendant's Motion, Plaintiff would have to explain why his claim against him could not have been brought in the 2017 Amended Complaint. *See Mullarkey*, 536 F.3d at 225. He has made no attempt to do so. Indeed, as indicated above, the Motion remains unopposed.[4]

The third element is satisfied because the same underlying events give rise to the various legal claims asserted in Plaintiff's state and federal actions. Both actions involve the same

---

[4] After Defendants filed the instant Motion, Plaintiff filed a "Motion to Grant Plaintiff's Complaint," which largely consists of exhibits Plaintiff already filed in this case. (D.E. No. 15). The purpose of this submission is unclear. To the extent that it is intended to serve as an opposition, there are no arguments contained therein. (*See id.*). To the extent that it is intended to serve as a motion to file a second amended complaint, the request is denied for the reasons stated herein.

underlying facts, seek redress of the same alleged wrongs, and make the same demands for relief. Specifically, both actions are based on the 2015 Arrest, allege false arrest and malicious prosecution, and seek punitive damages. Moreover, the same evidence that could be used to support the state action could be used to support the instant action.

In sum, because the instant action is premised upon claims that were, or could have been, raised in the state action between the parties, which led to a final judgment, the instant action is barred by the doctrine of res judicata.

Additionally, to the extent that Plaintiff attempts to allege any new claims or bring claims against new parties that arise from the 2015 Arrest, any such claim is barred by the entire controversy doctrine. The entire controversy doctrine "is essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Rycoline Prod., Inc.*, 109 F.3d at 886. The doctrine "is an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 135 (3d Cir. 1999). The Third Circuit has held that New Jersey's entire controversy doctrine applies to bar claims in a federal court when there was a previous state court action involving the same transaction. *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 163 (3d Cir. 1991). The primary consideration in determining if successive claims are part of the same controversy is whether the claims "arise from related facts or from the same transaction or series of transactions." *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. App. Div. 1995). However liberally the Court construes Plaintiff's claims, they pertain to the 2015 Arrest and therefore necessarily "arise from related facts or from the same transaction or series of transactions" as those brought in the state action. *See id.*

Accordingly, the Court grants Defendants' Motion because Plaintiff's claims are barred by res judicata and the entire controversy doctrine. The Court need not reach Defendant's additional arguments. Because further amendment could not overcome the deficiencies noted above and therefore would be futile, the Court dismisses Plaintiff's Amended Complaint *with prejudice*. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

For the foregoing reasons, the Motion (D.E. No. 13) is **GRANTED**. An appropriate Order follows.

Dated: September 26, 2022                                    *Esther Salas*
                                                             **Hon. Esther Salas, U.S.D.J.**