**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

August 10, 2023

**LETTER OPINION**

Re:   *Domenic Malinconico v. Robert Alessio, et al.*
         **Civil Case No. 21-11550 (ES) (LDW)**

Dear Parties:

Before the Court is *pro se* Plaintiff Domenic Malinconico's motion for reconsideration (D.E. No. 20) of the Court's September 26, 2022 Letter Opinion and Order granting Defendants' motion to dismiss Plaintiff's amended complaint based on the principles of res judicata and the entire controversy doctrine (D.E. Nos. 18 & 19). The Court has considered Plaintiff's submissions in support of his motion (D.E. Nos. 20 & 22) and Defendants' opposition thereto (D.E. No. 21) and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons below, Plaintiff's motion for reconsideration is **DENIED**.

**I.      Background**

The Court provides the background of this action in summary fashion because the parties are familiar with the facts and the Court has reviewed the facts in its earlier Letter Opinion. (*See* D.E. No. 18). Plaintiff alleges that he was arrested in 2015 (the "2015 Arrest") and spent ninety-three days in jail. (D.E. No. 7 ("Amended Complaint" or "Am. Compl.") at 3). It appears that the 2015 Arrest stemmed from an altercation between Plaintiff and Ms. Janet Vicari, a non-party to this case, that occurred on April 5, 2015. (D.E. No. 7-1, Ex. B to Am. Compl. at 4). As stated in an apparent police report attached to the Amended Complaint, Ms. Vicari informed police that Plaintiff allegedly grabbed Ms. Vicari by her hair, forced her into his vehicle, and told her "[i]f you get out of the car, I will f***ing kill you." (*Id.*). On May 12, 2017, the Honorable John Zunic, J.S.C., Superior Court of New Jersey, Law Division, Essex County, found Plaintiff not guilty of several charges brought against him in connection with the 2015 Arrest, but found him guilty of harassment under N.J.S.A. § 2C:33-4(c). (D.E. No. 13-2, Ex. B to Jones Cert. at 51–54). Judge Zunic ordered Plaintiff to pay a fine and have no contact with Ms. Vicari. (*Id.* at 55).

On August 8, 2017, Plaintiff initiated an action in the Superior Court of New Jersey, Civil Division, Essex County, against Belleville Township, Robert Alessio, Absuma Marbey, Robert Hernandez, and Andy Jimenez based on the 2015 Arrest for obstruction of justice, false arrest, and false imprisonment, seeking punitive damages for pain and suffering. (*Id.*, Ex. C to Jones Cert. at

56–60). On October 9, 2018, Plaintiff filed an amended complaint in that same action against the same defendants based on the 2015 Arrest, this time for malicious prosecution. (*Id.*, Ex. G to Jones Cert. at 68–79). On August 30, 2019, the Honorable Thomas R. Vena, J.S.C., entered final judgment on the defendants' motion for summary judgment, dismissing the state action with prejudice. (*Id.*, Ex. H to Jones Cert. at 80–82).

Plaintiff initiated the instant action on May 19, 2021, and filed the Amended Complaint on December 7, 2021. (D.E. No. 1; Am. Compl.). As discussed in the Court's prior Letter Opinion, the Court construed the Amended Complaint as seeking punitive damages for false arrest and malicious prosecution under 42 U.S.C. § 1983. (D.E. No. 18 at 1). On February 18, 2022, Defendants moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on, *inter alia*, res judicata and the entire controversy doctrine, which was unopposed. (D.E. No. 13-4 at 7–14). On September 26, 2022, the Court granted the Defendants' motion and dismissed the Amended Complaint with prejudice based on res judicata and the entire controversy doctrine. (*See generally* D.E. No. 18; *see also id.* at 4).

## II.  Legal Standard

"Motions for reconsideration are governed by Local Civil Rule 7.1(i) and must be filed within fourteen (14) days 'after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.'" *Love v. New Jersey Dep't of Corr.*, No. 15-3681, 2017 WL 899925, at *1 (D.N.J. Mar. 7, 2017) (quoting L. Civ. R. 7.1(i)).[1] "A party seeking reconsideration is directed to file a brief 'setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked.'" *Id.* (quoting L. Civ. R. 7.1(i)). To prevail on a motion for reconsideration, the movant must "show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

The Court construes a *pro se* litigant's filings liberally. *Barel v. Fed. Nat'l Mortg. Ass'n*, No. 19-6054, 2019 WL 13213884, at *1 (D.N.J. Sept. 3, 2019); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, reconsideration is an extraordinary remedy that should be granted very sparingly. *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019); *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992) (explaining that motions for reconsideration are considered "extremely limited procedural vehicle[s]"). These motions "may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Martinez*, 2019 WL 4918115, at *1; *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (noting that reconsideration may not be "used as an opportunity to relitigate the case").

---

[1]  Plaintiff failed to timely file his request for reconsideration—the request was filed on October 14, 2022, more than fourteen days after the Court issued its prior Letter Opinion and Order on September 26, 2022. *See* L. Civ. R. 7.1(i). Even putting aside this procedural error, Plaintiff's request fails on substantive grounds for the reasons discussed herein.

**III.   Discussion**

Plaintiff's motion for reconsideration does not specify which of the three grounds for relief are applicable to his motion. However, Plaintiff does not appear to argue that there has been an intervening change in the controlling law since the Court issued its Letter Opinion. As such, the first avenue under the standard is not a ground to reconsider this Court's prior rulings. *See Heine v. Dir. of Codes & Standards*, No. 15-8210, 2018 WL 11309633, at *1 (D.N.J. May 11, 2018), *aff'd sub nom. Heine v. Bureau Chief Div. of Fire & Safety*, 765 F. App'x 816 (3d Cir. 2019). Therefore, the Court considers only the remaining two avenues for relief—the availability of new evidence or a need to correct a clear error of law or fact to prevent manifest injustice. For the reasons set forth below, Plaintiff's motion does not warrant relief under either avenue.

In considering evidence presented to support a motion for reconsideration, courts should, "[a]bsent unusual circumstances . . . reject new evidence which was not presented when the court made the contested decision." *Waller v. Foulke Mgmt. Corp.*, No. 10-6342, 2012 WL 924865, at *1 (D.N.J. Mar. 19, 2012). Rather, on such a motion, the moving party may present only evidence that it "could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Thus, courts may properly disregard "evidence that was available prior to the [contested decision]." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

As to the second prong, Plaintiff fails to submit any new evidence that the Court has not already considered. To the extent that Plaintiff attaches photographs of a cell phone (D.E. No. 20 at 4 (ECF pagination)), as Defendants point out (D.E. No. 21 at 2), Plaintiff submitted these photographs to the Court as part of his Amended Complaint (D.E. 7-1, Ex. G)). Therefore, Plaintiff has not submitted any new evidence to support reconsideration. *See Max's Seafood Cafe*, 176 F.3d at 677.

"To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). But the "fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011). Moreover, the movant "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990) (internal quotations omitted).

As to the third prong, Plaintiff has not offered any reason for the Court to find that there has been a clear error of law or fact or that manifest injustice would be prevented by reconsideration. Although Plaintiff purports to present "evidence" that "errors [] were made," he merely points to the decisions of Judges Zunic and Vena (*see* D.E. No. 22 at 1–2) which were already brought to the Court's attention and considered (*see generally* D.E. No. 18; *see also* id. at

1–2).² To the extent that Plaintiff disagrees with the Court's decision, such disagreement is not a basis for reconsideration. *See G-69*, 748 F. Supp. at 275. Therefore, Plaintiff has not demonstrated clear error of law or fact warranting reconsideration. *See Mason*, 2012 WL 3133801, at *2.

Consistent with Defendants' position (*see generally* D.E. No. 21), Plaintiff fails to set forth any basis for reconsideration. Plaintiff merely seeks "a chance to rehash arguments already rejected by the Court because [he] disagree[s] with the Court's application of [the legal standard]." *See DeLalla v. Hanover Ins.*, No. 09-2340, 2010 WL 3908597, at *3 (D.N.J. Sept. 30, 2010).

### IV. Conclusion

Accordingly, the Court finds that Plaintiff has failed to meet the standard for reconsideration, and his motion is **DENIED**. An appropriate Order accompanies this Letter Opinion.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

² The Court notes that Plaintiff raised this argument for the first time in his reply brief. "[I]t is well established that new arguments cannot be raised for the first time in reply briefs." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 779 (D.N.J. 2013). Notwithstanding, Plaintiff's request fails on substantive grounds for the reasons discussed herein.